UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA SANCHEZ,<br><br>                    Plaintiff,<br><br>v.<br><br>DELTA GALIL USA, INC.,<br><br>                    Defendant. | Case No.: 25-cv-01963-AJB-AHG<br><br>**ORDER**<br><br>**(Doc. No. 9)** |

Before the Court is Defendant Delta Galil USA, Inc.'s ("Delta Galil") motion to dismiss. (Doc. No. 9.) The motion has been fully briefed, including supplemental briefing regarding whether the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1332(d)(2). (Doc. Nos. 11; 12; 14–17.) On January 15, 2026, the Court heard arguments on the motion. (Doc. No. 18.) Because significant questions remain regarding whether the Court has jurisdiction over this matter, the Court grants in part Plaintiff Monica Sanchez's ("Sanchez") request for limited discovery. Upon the completion of the limited discovery, the parties must provide supplemental briefing as detailed below.

In her supplemental brief, Sanchez submitted a printout of the website https://www.zoominfo.com/c/7-for-all-mankind/8901472, which Sanchez's counsel states

1  "displays a webpage regarding the company known as 7 For All Mankind." (Doc. Nos. 14-1 ¶ 2; 14-2.) The webpage indicates that 7 For All Mankind is headquartered at 15971 Santa Ana Ave, Fontana CA 92337. (Doc. No. 14-2 at 2.) Apparently in response to this webpage, Sanchez seeks limited discovery on "(1) [Delta Galil's] gross revenues generated from [the https://www.7forallmankind.com website] to persons located in California that were subjected to reference pricing on the [w]ebsite; and (2) [Delta Galil's] headquarters and where its key decision-makers involved in the strike-through pricing on its [w]ebsite are located." (Doc. No. 14 at 8.) Sanchez has amended her request to address "(1) the location of [Delta Galil's] headquarters; (2) the location of [Delta Galil's] CEO; (3) the location of [Delta Galil's] key decision-makers involved in the strike-through pricing on its [w]ebsite; and (4) [Delta Galil's] sales to U.S. consumers nationwide of strike-through-discounted products during the four-year period between August 1, 2021-July31, 2025." (Doc. No. 17 at 4.)

Delta Galil did not respond to Sanchez's request for limited discovery or address whether 7 For All Mankind is a distinct entity from Delta Galil in its supplemental response brief. (*See generally* Doc. No. 16.)

In light of Sanchez's submission and based on the Court's own research, the Court has identified a company named "Seven For All Mankind, LLC," ("Seven For All") that is registered with the California Secretary of State and of which Delta Galil is a member or manager. (*See* Doc. No. 19.) Given the similarity between Seven For All's name and the website at issue, it appears that Seven For All may be a necessary and indispensable party to this action if Seven For All controls the website and/or pricing strategy for the website. *See* Fed. R. Civ. P. 19(a)(1). The possibility that Seven For All may control the website and/or pricing strategy for the website also raises questions regarding whether Delta Galil exercises any control over the website and/or pricing strategy for the website.

At the hearing, counsel for Delta Galil was not able to explain the relationship between Delta Galil and Seven For All, and could not speak with certainty on whether Delta Galil exercises any control over the website and/or pricing strategy for the website.

Although counsel for Delta Galil pointed to the Declaration of Bill Elliott to infer that Delta Galil may have some control over the website, the declaration does not indicate whether Mr. Elliott is employed by Delta Galil, Seven For All, or both entities. (*See generally* Doc. No. 16-1.) Nor does the declaration indicate in what capacity Mr. Elliott made the declaration if he is employed by both entities. (*See id.*) Counsel for Delta Galil also was not able to identify Seven For All's members or their citizenship.

Under these circumstances, it is not clear whether all necessary parties are included in this action and, in turn, whether complete diversity is present for 28 U.S.C. § 1332(a) or minimal diversity is present for 28 U.S.C. § 1332(d)(2). Thus, the Court **GRANTS in part** Sanchez's request for limited discovery on the following issues: (1) the location of Delta Galil's headquarters, (2) the location of Delta Galil's CEO, and (3) the location of Delta Galil's key decision-makers involved in the strikethrough pricing on the website. As a part of this process, the parties should also address (4) the relationship between Delta Galil and Seven For All; (5) the identities and citizenship of Seven For All's members, to the extent Delta Galil possesses such information; and (6) whether Delta Galil exercises any control over the website and/or pricing strategy for the website. The Court **DENIES** Sanchez's request for limited discovery on Delta Galil's sales to U.S. consumers nationwide of strikethrough discounted products during the four-year period between August 1, 2021, and July 31, 2025.

Additionally, Delta Galil argues in its motion to dismiss that the United States District Court for the Southern District of California is not the proper venue for Sanchez's claims because Sanchez does not reside in the District. (Doc. No. 9-1 at 12–13; *see also* Doc No. 12 at 8–10.)

Sanchez has submitted a responsive declaration stating that she "was a resident of Carlsbad[, California] from approximately November 2024 through July 2025 during which time [she] was living with [her] relative." (Doc. No. 11-2 ¶ 3.) Sanchez's counsel indicated during the hearing that Sanchez would submit to a deposition regarding her residence at the time of her purchase.

1  Sanchez's declaration is contradicted by her own prior court filings. On May 30, 2025, Sanchez filed a civil cover sheet that identified her county of residence as San Bernardino County, which is not located in the Southern District of California. (Doc. No. 19-1 (Civil Cover Sheet, *Sanchez v. Organifi, LLC*, No. 2:25-cv-04912-SB-MAR (C.D. Cal. May 30, 2025), Doc. No. 2).) *See also* Jurisdiction Map of the United States District Court Southern District of California, U.S. District Court for the Southern District of California, https://www.casd.uscourts.gov/_images/jurisdiction-map.png. Scott J. Ferrell, one of Sanchez's counsel in this matter, signed the civil cover sheet. (Doc. No. 19-1.)

This is not the first time that the Court has discovered inconsistencies between filings signed by Mr. Ferrell in this District and the Central District of California. *See, e.g.*, Order to Show Cause, *Esparza v. Express Scripts Pharmacy, Inc.*, No. 3:25-cv-01988-AJB-DDL (S.D. Cal. Sept. 29, 2025), Doc. No. 3; Order to Show Cause, *Rodriguez v. Blaze Pizza, LLC*, No. 3:25-cv-01850-AJB-DEB (S.D. Cal. Sept. 23, 2025), Doc. No. 8.

The contradictory filing and Mr. Ferrell's other inconsistent filings raise significant questions regarding the credibility of Sanchez's declaration that she resided in Carlsbad, California, between November 2024 and July 2025. Thus, the Court **GRANTS** Delta Galil limited discovery on the issue of where Sanchez resided between November 2024 and July 2025.

Accordingly, Sanchez may conduct limited discovery on the following issues:

1. The location of Delta Galil's headquarters;
2. The location of Delta Galil's CEO;
3. The location of Delta Galil's key decision-makers involved in the strikethrough pricing on the https://www.7forallmankind.com website;
4. The relationship between Delta Galil and Seven For All Mankind, LLC;
5. The identities and citizenship of Seven For All Mankind, LLC's, members, to the extent Delta Galil possesses such information; and
6. Whether Delta Galil exercises any control over the website and/or pricing strategy for the website.

//

Delta Galil may conduct limited discovery on the following issue:

1. Where Sanchez resided between November 2024 and July 2025.

The limited discovery must be completed on or before March 16, 2026. "Completed" means that all discovery must be initiated a sufficient period of time in advance of the cut-off date so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. Counsel must promptly and in good faith meet and confer on all discovery disputes in compliance with Local Rule 26.1.a.

**IT IS HEREBY ORDERED THAT**:

1. On or before **March 16, 2026**, the parties must complete the limited discovery permitted above.

2. On or before **March 30, 2026**, Sanchez must file a supplemental brief, **not to exceed ten pages**, addressing whether (A) all necessary parties are included in this action, (B) complete or minimal diversity will be present once all necessary parties are included in this action, and (C) venue is proper before this Court.

3. On or before **April 13, 2026**, Delta Galil must file a supplemental response brief, **not to exceed ten pages**.

4. On or before **April 20, 2026**, Sanchez may file a supplemental reply brief, **not to exceed seven pages**.

5. The parties must appear before the undersigned to present argument on the above-identified issues on **May 28, 2026, at 2:00 PM**, in Courtroom 4A.

**IT IS SO ORDERED.**

Dated: January 16, 2026

Hon. Anthony J. Battaglia
United States District Judge